United States District Court
Southern District of Texas
**ENTERED**
March 29, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BOBBY JOE PEYRONEL, §
§
*Petitioner*, §
§
v. § Civil Action No. H-22-3747
§
BOBBY LUMPKIN, §
§
*Respondent.* §

## MEMORANDUM OPINION AND ORDER

Petitioner, represented by counsel, filed a habeas petition under 28 U.S.C. § 2254 challenging his 2013 conviction and fifty-year sentence for aggravated sexual assault of a child under the age of fourteen years of age. On January 3, 2023, respondent filed an answer and a copy of the state court record, moving to dismiss the petition as barred by limitations. (Docket Entries No. 6, p. 7; No. 7.) To-date, petitioner has not filed a response or other pleading opposing dismissal.

Having considered the petition, the answer and motion to dismiss, the record, matters of public record, and the applicable law, the Court **DISMISSES** this lawsuit as barred by limitations, as shown below.

## I. BACKGROUND AND CLAIMS

Petitioner was convicted by a jury of aggravated sexual assault of a child under the age of fourteen in Harris County, Texas, and sentenced to a fifty-year term of incarceration on February 26, 2013. On August 21, 2014, the First Court of Appeals of Texas modified

the judgment to correctly reflect the charged offense, affirmed the judgment of conviction as modified, reversed the judgment as to punishment, and remanded for a new punishment hearing. *Peyronel v. State*, 446 S.W.3d 151, 154 (Tex. App.—Houston [1st Dist.] 2014), rev'd, 465 S.W.3d 650 (Tex. Crim. App. 2015). The Texas Court of Criminal Appeals subsequently reversed the portion of the judgment of the court of appeals remanding for a new punishment trial and otherwise affirmed the judgment. *Peyronel v. State*, 465 S.W.3d 650, 651 (Tex. Crim. App. 2015). The Supreme Court of the United States denied petitioner a writ of certiorari on November 30, 2015.

Petitioner's application for state habeas relief, filed on December 9, 2016, was denied by the Texas Court of Criminal Appeals without a written order on March 2, 2022. *Ex parte Peyronel*, No. WR-89,030-01, 2022 WL 611027, at *1 (Tex. Crim. App. Mar. 2, 2022).

Petitioner filed the instant federal habeas petition on October 28, 2022, claiming that trial counsel was ineffective in failing to call a key expert defense witness during trial. Respondent argues that this petition should be dismissed as barred by the applicable one-year statute of limitations found in 28 U.S.C. § 2244(d).

## II.  LIMITATIONS

Petitioner's petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

2

(d)(l)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l), (2).

As stated above, the Supreme Court denied petitioner's petition for a writ of certiorari on November 30, 2015.  Thus, petitioner's conviction became final on that date for purposes of AEDPA limitations, and limitations expired one year later on November 30, 2016, absent statutory tolling.  *See Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012); 28 U.S.C. § 2244(d)(l)(A).  Petitioner's application for state habeas relief, filed on December 9, 2016, was filed after expiration of limitations and afforded petitioner no tolling benefit. *Scott v.*

3

*Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired"). Consequently, the instant federal habeas petition, filed on October 28, 2022, is untimely by almost six years.

Petitioner's ineffective assistance claim in the instant petition does not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. §§ 2244(d)(l)(C). Nor does the record reflect that any unconstitutional "State action" impeded him from filing for federal habeas relief prior to expiration of limitations. 28 U.S.C. §§ 2244(d)(l)(B). Furthermore, the factual predicate date for petitioner's ineffective assistance claim requires no alternate limitations commencement date, as his claim is based on events that occurred and were known to him at the time of trial in February 2013. 28 U.S.C. §§ 2244(d)(l)(D).

Moreover, petitioner presents no arguments or facts warranting equitable tolling. To warrant equitable tolling, a petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstances stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The state court record in this case shows that petitioner delayed pursuing state habeas relief for over a year following the Supreme Court's denial of certiorari. Petitioner argues that, "The Court of Appeals reversed and later the Court of Criminal Appeals reversed the Court of Appeals reversal. As such, the final disposition of the case was unclear." (Docket Entry No. 1-1, p. 4.) There is nothing unclear about the state

4

court's disposition of his case – his conviction was affirmed by the Texas Court of Criminal Appeals on June 24, 2015. *Peyronel v. State*, 465 S.W.3d 650, 651 (Tex. Crim. App. 2015). Petitioner does not show that he diligently pursued his legal rights and that some extraordinary circumstances stood in his way as to timely filing. Equitable tolling is not warranted, and the instant federal habeas petition is barred by limitations.

## III.  CONCLUSION

This lawsuit is **DISMISSED WITH PREJUDICE** as barred by limitations. 28 U.S.C. § 2244(d). Any and all pending motions are **DISMISSED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 28th day of March, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE